JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jessica Reese; 160 W. Main Street, Norristown, PA 19401

**(b)** County of Residence of First Listed Plaintiff **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc Greenfied-two Penn Center Plaza, Ste. 200
1500 JFK Blvd.; Phila. PA 19102

## DEFENDANTS

New Bern Transport Corporation(incorrectly identified as Pepsico, Inc.1111 West Chester Ave. White Plains,NY10604

County of Residence of First Listed Defendant **Westchester**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Randy C. Greene, Esquire
9 Presidential Blvd. Ste. 100, Bala Cynwyd, PA 19004

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | Leave Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Plaintiff has brought a lawsuit for a motor vehicle accident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____ DOCKET NUMBER _____

DATE
Nov 3, 2022

SIGNATURE OF ATTORNEY OF RECORD
Randy C. Greene

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 160 W. Main Street, Norristown, PA 19401 _____

Address of Defendant: _____ New Bern Transport Corporation(incorrectly identified as Pepsico, Inc.) 1111 West Chester Ave. White Plains, NY 10604 and Shawn Day (fraudulently joined defendant)302 N. 13th Street, Phila. PA 19107

Place of Accident, Incident or Transaction: _____ Norristown, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/03/2022 _____   *Randy C. Greene* Sign here _____   62692 _____

*Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☑ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Randy C. Greene _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 11/03/2022 _____   Randy C. Greene Sign here if applicable _____   62692 _____

*Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT for the
# EASTERN DISTRICT of PENNSYLVANIA

| | | |
|---|---|---|
| **Jessica Reese** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **Shawn Day** | : | |
| **And** | : | |
| **PepsiCo, Inc.** | : | **NO. 22-CV-** |
| *Defendants* | : | |

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court
    for the Eastern District of Pennsylvania

      Defendants, New Bern Transport Corporation, incorrectly identified as PepsiCo, Inc. ,

hereinafter New Bern, hereby files a Notice of Removal of this action from the Court of

Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in which it is now

pending, to the United States District Court for the Eastern District of Pennsylvania, and in

support thereof states:


**A.**      **Facts and Parties**


1.      On September 20, 2022 plaintiff initiated this action against defendants Shawn Day and

Pepsico, Inc.    (See exhibit A; complaint)    Plaintiff served defendant PepsiCo, Inc. on October 4,

2022.    See Exhibit B; Affidavit of Service).

2.      Defendant Shawn Day has been fraudulently named as a party to defeat the defendant's

right to remove to Federal Court.

3.      Shawn Day is not an employee of the defendant and was not involved in the subject

lawsuit.   Upon information known to defendant new Bern the correct employee of the defendant is a citizen of NJ.

4.      Shawn Day has not been served and will likely never be served as his address is the Sunday Breakfast Rescue Mission, 302 N. 13th Street, Philadelphia, PA   19107.

5.      Plaintiff alleges she suffered personal injuries in an automobile accident that occurred on April 8, 2021.

6.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this action originally could have been field in this Court pursuant to 28 U.S.C. § 1332.   Specifically, this Court has jurisdiction over this action because Plaintiff and only the proper Defendant named in plaintiff's complaint are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.      Diversity of Citizenship is Satisfied**

7.      Complete diversity exists between the proper parties in this action, as required by 28 U.S.C. § 1332(a).

8.      For diversity purposes, an individual is a citizen of the State in which he is domiciled. 28 U.S.C. § 1332. As alleged in the Complaint, Plaintiff resides in Norristown, PA and therefore, is a citizen of Pennsylvania. (*See* Exhibit A, Complaint)

9.      For diversity purposes "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the Sate or foreign sate where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10.      Plaintiff, upon information and belief, is an induvial and citizen of the state of Pennsylvania.

11.     Defendant, New Bern Transport Corporation, Inc. incorrectly identified as Pepsico, Inc. is a business entity registered in the State of Delaware with a principal place of business in White Plains, NY.

12.     Plaintiff is a citizen of Pennsylvania, defendant New Bern Transport Corporation, incorrectly identified as Pepsico, Inc. is a citizen of Delaware.   Thus, the parties are completely diverse pursuant to 28 U.S. C. § 1332(a).

**C.     The Amount in Controversy Requirement is Satisfied**

13.     The amount in controversy requirement of 28 U.S C § 1332 is also satisfied.

14.     Pursuant to 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

15.     Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. In personal injury cases, where plaintiff has not averred a specific amount of damages in the Complaint, the $75,000 jurisdictional amount is met unless "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Accordingly, "Courts will seldom remand a personal injury claim absent a waiver by the plaintiff capping damages at $75,000." *Avant v. J.C. Penny*, 2007 WL 1791621, at *2 (D.N.J. June 19, 2007).

16.     Here, the Complaint alleges that Ms. Reese suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement,

and/or aggravation of pre-existing conditions, including, but not limited to : multilevel cervical

disc protrusions, cervical radiculopathy, cervical sprain and strain, lumbar sprain and strain,

thoracic sprain and strain, right arm sprain and strain, left thigh sprain and strain, post-traumatic

headaches, and other ills and injuries, all to plaintiff's great loss and detriment. " (See Exhibit A,

Compl). The Complaint further alleges that Ms. Reese is presently and may in the future suffer

great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the

future. Given the allegations in the Complaint that Plaintiff suffered significant and permanent

injuries, which required surgical intervention and amputation, it is not a legal certainty that

Plaintiffs' recovery will not exceed $75,000. See *Morales v. Family Dollar, Inc.*, 2018 WL

3656166, at *3 (D.N.J.Aug. 2, 2018), report and recommendation adopted, 2018 WL 3972923

(D.N.J. Aug. 20, 2018) (there is no legal certainty that plaintiff cannot recover the jurisdictional

minimum where plaintiff alleges severe and permanent injuries); *Amadu v. Bradshaw,* 2016 WL

3676474, at *3-4 (D.N.J.July 11, 2016) (allegations in the complaint that the plaintiff suffered

several permanent injuries which interfered with his daily activities and required ongoing

medical treatment are sufficient to demonstrate the amount in controversy is likely to exceed

$75,000); *Dugan v. Acme Markets, Inc.*, 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016)

("personal injury cases alleging severe and permanent injuries will be removable absent proof to

a legal certainty that the amount in controversy cannot exceed $75,000"). Accordingly, the

$75,000 amount in controversy requirement has been satisfied.

**D.    The Procedural Requirements for Removal Are Satisfied**

17.    This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it was

filed within 30 days after service of the Complaint on Pepsico, Inc., the incorrectly named party

that is New Bern Transport Corporation. (See Exhibit B, Notice of Service of Process (dated October 4, 2022).

18.     Upon information and belief, Defendant Shawn Day, who was fraudulently named as a defendant, is **not** an employee of the defendant, **had no involvement** in the accident that forms the facts of this matter and his address as listed in the complaint is a homeless shelter.

19.     Venue is proper under 28 U.S.C. § 1441(a). This action is being removed to the United States District Court for the District of the Eastern District of Pennsylvania as that is the district court embracing the place where this action was filed and is pending (Court of Common Pleas of Philadelphia County).

20.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal with this Court, defendant will provide notice of the Notice of Removal to Plaintiffs and will file a copy of the Notice of Removal with the Court of Common Pleas of Philadelphia County.

     WHEREFORE, Defendant, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully removes this action, which is currently pending in the Court of Common Pleas of Philadelphia County, to this Court and respectfully requests that the matter proceed in this Court as an action properly removed thereto.

                                   Dugan, Brinkmann, Maginnis and Pace


                         By:     /s/ *Randy C. Greene*
                                   Randy C. Greene, Esquire
                                   Attorney for Defendants

**CERTIFICATE OF SERVICE**

I, Randy C. Greene, Esquire, attorney for defendant, do hereby certify that a copy of the foregoing Notice of Removal was served upon counsel for plaintiff by electronic mail and first class mail, this 3rd day of November 2022, addressed as follows:

Marc F. Greenfield, Esquire
Spear, Greenfield, Richman, Weitz & Taggart, P.C.
Two Penn Center
1500 JFK Blvd., Ste. 200
Phila. PA   19103

_/s/ Randy C. Greene_
Randy C. Greene, Esquire