# EXHIBIT A

**SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART, P.C.**
BY:   MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

*Filed and Attested by the Office of Judicial Records 20 SEP 2022 pm*

**MAJOR JURY**

| | | |
|---|---|---|
| **JESSICA REESE** | : | Attorney for plaintiff |
| 160 W. Main Street | : | |
| Norristown, PA 19401 | : | |
| v. | : | **COURT OF COMMON PLEAS** |
| **SHAWN DAY** | : | **COUNTY OF PHILADELPHIA** |
| 302 N. 13th Street | : | **CIVIL TRIAL DIVISION** |
| Philadelphia, PA 19107 | : | |
| & | : | |
| **PEPSICO, INC.** | : | |
| 600 N. 2nd Street, Suite 401 | : | |
| Harrisburg, PA 17101 | : | |
| | : | |

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
> PHILADELPHIA BAR ASSOCIATION
> LAWYER REFERRAL and INFORMATION SERVICE
> One Reading Center
> Philadelphia, Pennsylvania 19107
> (215) 238-6333
> TTY: (215) 451-6197

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

> ASSOCIACION DE LICENDIADOS DE FILADELFIA
> SERVICIO DE REFENCIA E INFORMACION LEGAL
> One Reading Center
> Filadelfia, Pennsylvania 19107
> Teléfono: (215) 238-6333
> TTY: (215) 451-6197

Case ID: 220901783

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

1.     Plaintiff, Jessica Reese, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.     Defendant, Shawn Day, is a citizen and resident of the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of defendant, Pepsico, Inc., with defendant, Pepsico, Inc.'s, express, apparent and/or implied permission, authorization and/or consent.

3.     Defendant, Pepsico, Inc., is a business entity of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Shawn Day.

4.     On or about April 8, 2021, plaintiff owned and operated a motor vehicle at or near Airy and Noble Streets, in the Municipality of Norristown and Montgomery County, in the Commonwealth of Pennsylvania.

5.     At the same date and time, defendant, Shawn Day, operated a motor vehicle owned by defendant, Pepsico, Inc., at or near Airy and Noble Streets, in the Municipality of Norristown and Montgomery County, in the Commonwealth of Pennsylvania.

6.     Suddenly and without warning, defendant, Shawn Day, negligently and/or carelessly operated defendant, Pepsico, Inc.'s, motor vehicle in such a manner as to strike plaintiff's vehicle.

7.     As a result of this accident, plaintiff suffered severe and permanent bodily injury

2

as more fully set forth below.

## COUNT I
### Jessica Reese v. Shawn Day
#### Personal Injury

8.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

9.     The negligence and/or carelessness of defendant consisted of the following:

    a.   Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    b.   Failing to have said vehicle under proper and adequate control;

    c.   Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff's vehicle;

    d.   Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

    e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

    g.   Disregarding traffic lanes, patterns and other devices;

    h.   Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

    i.   Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

    j.   Failing to give plaintiff meaningful warning signs concerning the

3

impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Striking plaintiff's vehicle;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Municipality of Norristown and Montgomery County and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

10.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multi-level cervical disc protrusions, cervical radiculopathy,

4

cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain, right arm sprain and strain, left thigh sprain and strain, post-traumatic headaches, and other ills and injuries, all to plaintiff's great loss and detriment.

11.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

12.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

14.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

Case ID: 220901783

## COUNT II
### Jessica Reese v. Shawn Day
#### Property Damage

15.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

16.     As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT III
### Jessica Reese v. Pepsico, Inc.
#### Personal Injury

17.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

18.     The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

        a.  Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

        b.  Failing to have said vehicle under proper and adequate control;

        c.  Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff's vehicle;

        d.  Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

6

Case ID: 220901783

e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.  Being inattentive to defendant's duties as an operator of a motor vehicle;

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.  Striking plaintiff's vehicle;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Municipality of Norristown and Montgomery

Case ID: 220901783

County and the Statutes of the Commonwealth of Pennsylvania pertaining
to the operation and control of motor vehicles; and,

r.  Operating a motor vehicle and other devices at the same time and in total
disregard for the safety of the plaintiff and others in direct violation of the
laws of the Commonwealth of Pennsylvania.

19.  The negligence and/or carelessness of defendant further consisted of the
following:

a.  Permitting an incompetent driver to operate the motor vehicle;

b.  Failing to determine whether defendant driver possessed the necessary
skills and/or possessed the necessary mental or physical ability to exercise
such driving skills;

c.  Failing to determine whether defendant driver possessed a valid license or
other requirements to

d.  drive and/or operate a motor vehicle;

e.  Failure to inspect defendant driver's prior history of bad driving;

f.  Failing to instruct defendant driver in the proper method of operating a
motor vehicle;

g.  Failing to properly instruct the defendant driver on how to properly
operate his or her motor vehicle and its warning apparatus in an
emergency situation;

h.  Failing, as defendant driver's authority, to control defendant driver's
conduct in regard to the manner in which defendant driver were operating
the motor vehicle at the aforesaid time and place as herein before

8

described;

i.   Failing to maintain said vehicle in a safe condition; and,

j.   Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

20.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multi-level cervical disc protrusions, cervical radiculopathy, cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain, right arm sprain and strain, left thigh sprain and strain, post-traumatic headaches, and other ills and injuries, all to plaintiff's great loss and detriment.

21.   As a result of these injuries, all of which are permanent in nature and all of which Are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

22.   As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

23.   As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

24.   Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania

9

Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or

Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the

present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in

an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any

other relief the court deems necessary.

**COUNT IV**
***Jessica Reese v. Pepsico, Inc.***
**Property Damage**

25.    Plaintiff incorporates herein the allegations set forth in the aforementioned

paragraphs, inclusive, as if set forth here at length.

26.    As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff

suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in

an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any

other relief the court deems necessary.

**SPEAR, GREENFIELD,**
**RICHMAN, WEITZ & TAGGART, P.C.**

BY:    **MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL
REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S
COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS
EFFECTUATED.**
dms

10

Case ID: 220901783

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

X _Jessica Rue_

Case ID: 220901783